UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PARKERVISION, INC.,** | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL NO. W-23-CV-00374-ADA |
| **REALTEK SEMICONDUCTOR CORP.,** | § § § § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Before the Court is Plaintiff ParkerVision, Inc.'s Motion for Leave to Effect Alternative Service. ECF No. 25. Defendant Realtek Semiconductor Corp. opposes, ECF No. 26, and ParkerVision waives its reply brief, ECF No. 27. After a thorough review of the briefs, relevant facts, and applicable law, the Court **GRANTS** the motion.

This case is not the first time these parties have crossed swords on alternative service. In another case captioned *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6:22-cv-01162-ADA (W.D. Tex.) [hereinafter "Prior Case"], this Court ordered Realtek's specially appearing counsel to accept service of process on behalf of Realtek. *In re Realtek Semiconductor Corp.*, No. 2023-132, 2023 WL 5274627, at *1 (Fed. Cir. Aug. 16, 2023) (per curiam). The Federal Circuit denied Realtek's petition for a writ of mandamus to vacate that order. *Id.*

ParkerVision naturally argues that this case is just the same as—and should therefore go the same way as—the Prior Case. *See generally* ECF No. 25. Realtek, for its part, submits a one-page opposition that essentially just incorporates the arguments it made in the Prior Case. *See* ECF No. 26. Nowhere in its opposition does Realtek attempt to either distinguish the present case or address the Federal Circuit's decision denying mandamus. *See generally id.*

After thorough review, the Court is convinced that this motion is governed by the Prior Case. This Court, like some other courts, "look[s] to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service … by conventional means." *In re Realtek*, 2023 WL 5274627, at *2 (quoting *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (per curiam)); *Aprese Sys. Tex., LLC v. Audi AG*, No. 6:21-cv-01014-ADA, 2022 WL 891951 (W.D. Tex. Mar. 25, 2022).

ParkerVision has made two separate and independent reasonable attempts at conventional service. First, just like in the Prior Case, ParkerVision had the district court clerk send the summons and complaint to Realtek using FedEx, which Realtek rejected. *See* ECF No. 23, ECF No. 24; Defendant's Opposition to Plaintiff's Motion for Leave to Effect Alternative Service at 5–7, *Prior Case*, *supra*, ECF No. 11. Second, ParkerVision's counsel emailed Realtek's active counsel in the Prior Case to request that she accept or waive service in this case. *See* ECF No. 25 Ex. 2 (requesting, on June 15, 2023, that Lisa K. Nguyen of Allen & Overy accept or waive service on Realtek's behalf); *see also* Defendant's Motion to Dismiss for Failure to State a Claim at 16, *Prior Case*, *supra*, ECF No. 40 (listing Lisa K. Nguyen of Allen & Overy in the counsel signature block). Realtek does not point to any changed circumstances between this case and the Prior Case that would change these conclusions or otherwise convince the Court to refrain from exercising its discretion to permit alternative service.

The two cases Realtek cites are distinguishable. *Aprese* held that while "service on a foreign defendant's domestic counsel [] constitute[s] a reasonable attempt to effectuate service," Aprese had failed to present sufficient evidence showing that a domestic lawyer whom Aprese had asked to accept service *presently* represented Audi AG. 2022 WL 891951, at *3. Here, in contrast, ParkerVision requested that Realtek's active counsel in the Prior Case accept or waive service.

Therefore, *Aprese* actually weighs in *ParkerVision's* favor. And in *Trustees of Purdue University v. STMicroelectronics N.V.*, No. 6:21-cv-727-ADA, 2021 WL 5393711 (W.D. Tex. Nov. 18, 2021), this Court used its discretion to deny alternative service where plaintiff had not made any attempts at serving a Dutch company through the Hague Convention. But Taiwan, unlike the Netherlands, is not a Hague Convention signatory, so a similar exercise of discretion here would be inappropriate.

In conclusion, ParkerVision's Motion for Leave to Effect Alternative Service is **GRANTED.**

**IT IS HEREBY ORDERED** that Plaintiff may serve Defendant by sending the complaint and other required materials to Realtek's outside counsel, Lisa K. Nguyen at Allen & Overy LLP, by email and FedEx, using the same email and postal address listed for Ms. Nguyen by the Court: Lisa.Nguyen@allenovery.com and 500 High Street, Second Floor, Palo Alto, CA 94303.

**SIGNED** this 26th day of September, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE